## DECLARATION OF MELISSA COUTTS IN SUPPORT OF APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE

I, Melissa Robbins Coutts, declare as follows:

1.    I am an attorney at law duly licensed to practice before this Court and all Courts in the State of California, and I am an attorney with McCarthy & Holthus, LLP, attorneys of record for Plaintiff HSBC Bank USA, National Association as Trustee for Merrill Lynch Mortgage Investors, Inc., Mortgage Pass-Through Certificates, Mana Series 2007-OAR2, its assignees and/or successors, in this action. I make this declaration in support of Plaintiff's Motion to Remand.

2.    If called to testify as a witness thereon, I could and would competently testify as to all the facts stated in this declaration, except as to those matters testified to upon information and belief, and as to those matters, I believe them to be true.

3.    On February 7, 2020, on behalf the Plaintiff, my office filed a Complaint for Unlawful Detainer with the Ventura County Superior Court as Case No. 56-2020-00539801-CL-UD-VTA.    The Complaint was served on Defendant Rudi Leo Londt and all other occupants of the subject property on February 7, 2020.

4.    After being served with the Complaint, Defendant Londt filed a number of motions, including a Demurrer on February 13, 2020 and a Motion to Challenge Jurisdiction on March 5, 2020.   The Superior Court denied Defendant's motions.

5.    In an attempt to prevent the Superior Court from adjudicating the case, Defendant Londt has removed the case to federal District Court and this Court on four total occasions.   Specifically, the removals and subsequent remands are as follows:

a.    Notice of Removal filed March 3, 2020, initiating U.S. District Court, Central District of California, Case Number 2:20-cv-02312-FMO-PJW.   An Order Remanding Case to State Court was entered on April 22, 2020, a true and correct copy of which is attached hereto as **Exhibit 1**.

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S. SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4810

b. Notice of Removal filed July 17, 2020 into U.S. District Court, Central District of California, Case Number 2:20-cv-01161-FMO-DFM.  An Order re: Notice of Remand, which ordered the Notice stricken, was entered on August 17, 2020, a true and correct copy of which is attached hereto as **Exhibit 2**.

c. Notice of Removal filed on February 4, 2022, initiating U.S. Bankruptcy Court, Central District of California, Case Number 9:22-ap-01008-RC. An Order Granting Motion to Remand to Superior Court Ventura County was entered on July 11, 2022, a true and correct copy of which is attached hereto as **Exhibit 3**.

d. Notice of Removal filed on May 12, 2023 initiating the present case.

6. Each time Defendant Londt filed a Notice of Removal, he did so with the manifest intent to prevent the Superior Court from entering any final judgment against him.  Specifically, at the time that the March 3, 2020 removal was filed, the Superior Court had a hearing scheduled for March 16, 2020 on Defendant's Demurrer to the Complaint.  When the second Notice of Removal was filed on July 17, 2020, hearings were set in the Superior Court on Defendant's continued Demurrer and his Motion to Challenge Jurisdiction. The third Notice of Removal was filed on February 4, 2022, mere days before the February 7, 2022 hearing set on Plaintiff's Motion for Summary Judgment.  And finally, the latest removal was filed on May 12, 2023, again within days of the hearing on Plaintiff's Motion for Summary Judgment which had been set for May 15, 2023.

7. Defendant's repeated frivolous removals are incredibly prejudicial to Plaintiff and have caused inordinate delay in this unlawful detainer action from reaching a final judgment.  As this Court previously noted in its Order Granting Motion to Remand in Case Number 9:22-ap-01008-RC, the State Court judge orally granted Plaintiff's Motion for Summary Judgment against Londt at a hearing held on February 7, 2022, but the State Court has been unable to enter final judgment

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S. SUITE 100
SAN DIEGO, CALIFORNIA  92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4810

1    due to Defendant's wrongful attempt to "forum shop in an effort to re-litigate what

2    the State Court has already decided."    Additionally, this Court has already found

3    that equitable factors favor a prompt adjudication of the matter in State Court.

4    Accordingly, good cause exists to hear Plaintiff's Motion to Remand on shortened

5    notice to facilitate the prompt resolution of this already very aged case.

6         I declare under penalty of perjury under the laws of the United States that the

7    foregoing is true and correct.  Executed on May 17, 2023, at San Diego, California.

8

9              By:___/s/ Melissa Robbins Coutts_____

10                 Melissa Robbins Coutts, Esq
              Attorney for Plaintiff HSBC Bank USA,

11                 National Association as Trustee for

12                 Merrill Lynch Mortgage Investors, Inc.,
              Mortgage Pass-Through Certificates,

13                 Mana Series 2007-OAR2, its assignees
              and/or successors

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**McCARTHY & HOLTHUS, LLP**
ATTORNEYS AT LAW
2763 CAMINO DEL RIO S. SUITE 100
SAN DIEGO, CALIFORNIA  92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4810

**DECLARATION OF MELISSA COUTTS IN SUPPORT OF APPLICATION FOR ORDER SETTING HEARING ON
SHORTENED NOTICE**

# EXHIBIT 1

CLERK, U.S. DISTRICT COURT

**APRIL  22  2020**

**CENTRAL DISTRICT OF CALIFORNIA**
BY: ___vdr_____ **DEPUTY**

**JS-6**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE, <br><br>                           Plaintiff <br><br> v. <br><br> RICKI LEO LONDT, et al., <br><br>                           Defendant(s). | CASE NUMBER: <br><br> CV 20-2312-FMO (PJWx) <br><br><br> **ORDER REMANDING CASE TO STATE COURT** |

The Court <u>sua</u> <u>sponte</u> **REMANDS** this action to the California Superior Court for the County of ___Ventura_____ for lack of subject matter jurisdiction, as set forth below.

"The right of removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.'" <u>Syngenta Crop Prot., Inc. v. Henson</u>, 537 U.S. 28, 32 (2002) (quoting <u>Great N. Ry. Co. v. Alexander</u>, 246 U.S. 276, 280 (1918)).  Generally, where Congress has acted to create a right of removal, those statutes are strictly construed against removal jurisdiction. <u>Id.</u>; <u>Nevada v. Bank of Am. Corp.</u>, 672 F.3d 661, 667 (9th Cir. 2012); <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992).

Unless otherwise expressly provided by Congress, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); <u>Dennis v. Hart</u>, 724 F.3d 1249, 1252 (9th Cir. 2013).  The removing defendant bears the burden of establishing federal jurisdiction. <u>Abrego Abrego v.</u>

1   Dow Chem. Co., 443 F.3d 676, 682 (9th Cir. 2006); Gaus, 980 F.2d at 566-67. "Under the plain

2   terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the

3   removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal

4   courts." Syngenta Crop Prot., 537 U.S. at 33. Failure to do so requires that the case be remanded,

5   as "[s]ubject matter jurisdiction may not be waived, and . . . the district court must remand if it

6   lacks jurisdiction." Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190,

7   1192 (9th Cir. 2003). "If at any time before final judgment it appears that the district court lacks

8   subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). It is "elementary

9   that the subject matter jurisdiction of the district court is not a waivable matter and may be raised

10  at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the

11  trial or reviewing court." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n.2 (9th Cir. 1988).

12          From a review of the Notice of Removal and the state court records provided, it is evident

13  that the Court lacks subject matter jurisdiction over the instant case, for the following reasons.

14  ☑ No basis for federal question jurisdiction has been identified:

15          ☑ The Complaint does not include any claim "arising under the Constitution, laws,
16              or treaties of the United States." 28 U.S.C. § 1331.

17          ☑ Removing defendant(s) asserts that the affirmative defenses at issue give rise to
18              federal question jurisdiction, but "the existence of federal jurisdiction depends
                solely on the plaintiff's claims for relief and not on anticipated defenses to those
19              claims." ARCO Envtl. Remediation, L.L.C. v. Dept. of Health and Envtl. Quality,
20              213 F.3d 1108, 1113 (9th Cir. 2000). An "affirmative defense based on federal law"
                does not "render[] an action brought in state court removable." Berg v. Leason, 32
21              F.3d 422, 426 (9th Cir. 1994). A "case may not be removed to federal court on the
22              basis of a federal defense . . . even if the defense is anticipated in the plaintiff's
                complaint, and even if both parties admit that the defense is the only question truly
23              at issue in the case." Franchise Tax Bd. v. Constr. Laborers Vacation Tr., 463 U.S.
                1, 14 (1983).
24

25          ☑ Removing defendant(s) has not alleged facts sufficient to show that the
26              requirements for removal under 28 U.S.C. § 1443 are satisfied. Section 1443(1)
                provides for the removal of a civil action filed "[a]gainst any person who is denied
27              or cannot enforce in the courts of such State a right under any law providing for
                the equal civil rights of citizens of the United States . . . ." Even assuming that the
28              removing defendant(s) has asserted rights provided "by explicit statutory

1    enactment protecting equal racial civil rights," <u>Patel v. Del Taco, Inc.</u>, 446 F.3d 996,

2    999 (9th Cir. 2006) (citation omitted), defendant(s) has not identified any "state
     statute or a constitutional provision that purports to command the state courts to

3    ignore the federal rights" or pointed "to anything that suggests that the state court
     would not enforce [defendant's] civil rights in the state court proceedings." <u>Id.</u>

4    (citation omitted); <u>see also</u> <u>Bogart v. California</u>, 355 F.2d 377, 381-82 (9th Cir.

5    1966) (holding that conclusionary statements lacking any factual basis cannot
     support removal under § 1443(1)). Nor does § 1443(2) provide any basis for

6    removal, as it "confers a privilege of removal only upon federal officers or agents
     and those authorized to act with or for them in affirmatively executing duties

7    under any federal law providing for equal civil rights" and on state officers who
     refuse to enforce discriminatory state laws. <u>City of Greenwood v. Peacock</u>, 384

8    U.S. 808, 824 & 824 n.22 (1966).

9

10   ☑   The underlying action is an unlawful detainer proceeding, arising under and
         governed by the laws of the State of California.

11

12   ☐   Removing defendant(s) claims that 28 U.S.C. § 1334 confers jurisdiction on this
         Court, but the underlying action does not arise under Title 11 of the United States

13       Code.

14   ☑  Diversity jurisdiction is lacking, and/or this case is not removable on that basis:

15   ☑   Every defendant is not alleged to be diverse from every plaintiff. 28 U.S.C. §

16       1332(a).

17   ☑   The Complaint does not allege damages in excess of $75,000, and removing
         defendant(s) has not plausibly alleged that the amount in controversy requirement

18       has been met. <u>Id.</u>; <u>see</u> <u>Dart Cherokee Basin Operating Co. v. Owens</u>, 135 S. Ct.

19       547, 554 (2014).

20   ☑   The underlying unlawful detainer action is a limited civil action that does not
         exceed $25,000.

21

22   ☐   Removing defendant(s) is a citizen of California. 28 U.S.C. § 1441(b)(2).

     ☐  Other:

23

24

25

26   IT IS THEREFORE ORDERED that this matter be, and hereby is, REMANDED to the Superior

27   Court of California listed above, for lack of subject matter jurisdiction.

28   **IT IS SO ORDERED.**

     Date:  April 22, 2020                           /s/  Fernando M. Olguin

                                                     United States District Judge

EXHIBIT 2

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 20-01161-FMO (DFM) | Date: | August 17, 2020 |
|---|---|---|---|
| Title | Londt v. Barrett Daffin Frappier Treder and Weiss, LLP et al. | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge | |
|---|---|---|
| Nancy Boehme | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorney(s) for Plaintiff(s): | | Attorney(s) for Defendant(s): |
| Not Present | | Not Present |

| Proceedings: | (IN CHAMBERS) Order re: Notice of Removal (Dkt. 31) |
|---|---|

Plaintiff has filed in this case a "Notice of Removal," purporting to remove to this Court Ventura County Superior Court Case No. 56-2020-00539801, in which he is one of the named defendants. See Dkt. 31.

Plaintiff's Notice of Removal is STRICKEN. If Plaintiff wishes to remove a pending state-court case to this Court, he must do so in a new case, not in this one. The general requirements for removal are set out in 28 U.S.C. § 1446, which the Court sets out in full below.

*28 U.S.C. § 1446. Procedure for removal of civil actions*

*(a) Generally.--A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.*

*(b) Requirements; generally.--(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.*

*(2)(A) When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

*(B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.*

*(C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.*

*(3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.*

*(c) Requirements; removal based on diversity of citizenship.--(1) A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.*

*(2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--*

*(A) the notice of removal may assert the amount in controversy if the initial pleading seeks--*

*(i) nonmonetary relief; or*

*(ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and*

*(B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).*

*(3)(A) If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an "other paper" under subsection (b)(3).*

*(B) If the notice of removal is filed more than 1 year after commencement of the action and the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith under paragraph (1).*

*(d) Notice to adverse parties and State court.--Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

*shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.*

*(e) Counterclaim in 337 proceeding.--With respect to any counterclaim removed to a district court pursuant to section 337(c) of the Tariff Act of 1930, the district court shall resolve such counterclaim in the same manner as an original complaint under the Federal Rules of Civil Procedure, except that the payment of a filing fee shall not be required in such cases and the counterclaim shall relate back to the date of the original complaint in the proceeding before the International Trade Commission under section 337 of that Act.*

*[(f) Redesignated (e)]*

*(g) Where the civil action or criminal prosecution that is removable under section 1442(a) is a proceeding in which a judicial order for testimony or documents is sought or issued or sought to be enforced, the 30-day requirement of subsection (b) of this section and paragraph (1) of section 1455(b) is satisfied if the person or entity desiring to remove the proceeding files the notice of removal not later than 30 days after receiving, through service, notice of any such proceeding.*

EXHIBIT 3

**McCARTHY & HOLTHUS, LLP**
JaVonne M. Phillips, Esq. SBN 187474
Richard L. Stevenson, Esq. SBN 239705
2763 Camino Del Rio South, Suite 100
San Diego, CA 92108
Telephone: (877) 369-6122
Facsimile: (619) 685-4811
bknotice@mccarthyholthus.com
Attorneys for HSBC Bank USA, National Association as Trustee for Merrill Lynch Mortgage
Investors, Inc., Mortgage Pass-Through Certificates, Mana Series 2007-OAR2, its assignees
and/or successors, by and through its servicing agent Nationstar Mortgage LLC d/b/a Mr.
Cooper.

FILED & ENTERED

JUL 11 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY rust          DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – NORTHERN DIVISION

|  |  |
|---|---|
| In re: | ) |
| Rudi Leo Londt, | ) Adversary Case No. 9:22-ap-01008-RC |
|  | ) |
| Debtor. | ) Bankruptcy Case No. 9:21-bk-11140-RC |
|  | ) |
|  | ) Chapter 13 |
| HSBC Bank USA, National Association as Trustee for Merrill Lynch Mortgage Investors, Inc., Mortgage Pass-Through Certificates, Mana Series 2007-OAR2, its assignees and/or successors, | ) |
|  | ) **ORDER GRANTING MOTION TO REMAND  TO SUPERIOR COURT VENTURA COUNTY** |
|  | ) |
| Plaintiff, | ) |
| v. | ) |
| Rudi Leo Londt and DOES 1-10, inclusive | ) *Judge: Hon. Ronald A Clifford III* |
|  | ) |
| Defendant. | ) |
|  | ) |

The Motion of HSBC Bank USA, National Association as Trustee for Merrill Lynch Mortgage Investors, Inc., Mortgage Pass-Through Certificates, Mana Series 2007-OAR2 ("Plaintiff"), to Remand to Superior Court Ventura County, (Docket No. 7) came on for hearing in the above entitled court on July 6, 2022 at 10:00AM, before the Honorable Ronald A Clifford III presiding. Plaintiff appeared by Richard L. Stevenson Esq., McCarthy & Holthus, LLP. All other appearances are as noted in the Court record.

For good cause appearing, the Court orders as follows:

**IT IS HEREBY ORDERED** , as stated in the Court's tentative ruling, attached hereto and hereby incorporated, that the Motion is granted and the Unlawful Detainer Action filed by HSBC Bank USA, National Association as Trustee for Merrill Lynch Mortgage Investors, Inc., Mortgage Pass-Through Certificates, Mana Series 2007-OAR2 action shall be, and hereby is, remanded to Superior Court Ventura County.

###

Date: July 11, 2022

Ronald A. Clifford III
United States Bankruptcy Judge

**United States Bankruptcy Court**
**Central District of California**
**Northern Division**
**Ronald A Clifford III, Presiding**
**Courtroom 201 Calendar**

---

**Wednesday, July 6, 2022**                                                    **Hearing Room**      **201**

---

10:00 AM
**9:21-11140   Rudi Leo Londt**                                                                   **Chapter 13**
Adv#: 9:22-01008      HSBC BANK USA, NATIONAL ASSOCIATION v. Londt

    **#5.00**   CONT'D Hearing
               RE: [7] Motion for Remand to Superior Court Ventura County  (Stevenson,
               Richard)

               FR. 4-6-22, 5-4-22, 6-8-22

                       Docket      7

**Tentative Ruling:**

   <u>**July 6, 2022**</u>

   **Appearances required.**

   The Court will grant the Motion as more fully described herein.

   On February 7, 2020, HSBC Bank USA, National Association as Trustee for Merrill
   Lynch Mortgage Investors, Inc., Mortgage Pass-Through Certificates, Mana Series
   2007-OAR2 ("Movant") filed that *Complaint for Unlawful Detainer Following
   Foreclosure Sale Action Based on Code of Civil Procedure Section 1161a* (the "UD
   Action") related to a parcel of real property located at 11755 Barranca Rd., Santa Rosa
   Valley, California 93012 (the "Property").  *See* Docket No. 1, Exhibit A.

   Rudi Londt ("Mr. Londt") filed a Chapter 13 petition with this Court on November 19,
   2021 (the "Bankruptcy Case").  *See* Case No. 9:21-bk-11140.

   On December 13, 2021, the State Court in the UD Action held a hearing on Movant's
   motion for summary judgment, which hearing was continued to February 7, 2022 due
   to the bankruptcy case.  On January 20, 2022, Movant filed in the Bankruptcy Case
   that *Motion for Relief from the Automatic Stay or for Order Confirming that the
   Automatic Stay Does Not Apply Under 11 U.S.C. § 362(l)* (the "Lift Stay Motion"),
   seeking a lifting of the automatic stay to allow the UD Action to proceed.  *Id.* at
   Docket No. 19.

---

**United States Bankruptcy Court**
**Central District of California**
**Northern Division**
**Ronald A Clifford III, Presiding**
**Courtroom 201 Calendar**

---

**Wednesday, July 6, 2022**                                          **Hearing Room        201**

---

10:00 AM
**CONT...        Rudi Leo Londt**                                                    **Chapter 13**

On February 4, 2022, Mr. Londt filed a *Notice of Removal* initiating adversary
proceeding no. 22-ap-01008. *See* Docket No. 22. On February 7, 2022, the State
Court in the UD Action granted Movant's motion for summary judgment. On March
4, 2022, Movant filed that *Motion to Remand to Superior Court of Ventura County*
(the "Motion"). *See* Case No. 9:22-ap-01008-RC, Docket No. 7.

***Jurisdiction as Basis for Removal***

*Diversity Jurisdiction*

Diversity jurisdiction exists if: (1) the controversy is between "citizens of different
States"; and (2) the amount in controversy exceeds the sum or value of $75,000.00.
28 U.S.C. § 1332(a); *see also Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365,
373-74 (1978). The amount in controversy is determined from the complaint itself,
unless it appears to a legal certainty that the claim is worth a different amount than
that pled by plaintiff. *See Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 354
(1961); *see also Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 999
(9th Cir. 2007).

Mr. Londt asserts that this Court has jurisdiction over the UD Action under 28 U.S.C.
§ 1332(a), because there is complete diversity of citizenship and the amount in
controversy exceeds $75,000 exclusive of fees and costs. *See* Adversary Docket No.
1, p. 2, lines 16-17. Although the *Notice of Removal* asserts that there is "complete
diversity," Mr. Londt only alleges that he is a citizen of the United States and a
resident of California. *Id.* at p.2, lines 16-17. Mr. Londt makes no allegations
concerning the citizenship of Movant. Mr. Londt also argues that as to the amount in
controversy, beyond the $10,000.00 figure contained on the face of the unlawful
detainer complaint, one must also take into account the price paid for the Property at
the foreclosure sale. *Id.* at p.3, lines 25-27. According to the *Trustee's Deed Upon
Sale* the price paid for the Property through the foreclosure sale was $1,000,733.85.
*Id.* at Ex D. According to the face of the complaint the amount demanded does not
exceed $10,000.00. *Id.* at p.17.

There exists no jurisdiction in this Court over the UD Action based on diversity.
There is no allegation as to the citizenship of Movant. Further, in an unlawful
detainer action, the appropriate measure of damages is the amount sought in the

---

**United States Bankruptcy Court**
**Central District of California**
**Northern Division**
**Ronald A Clifford III, Presiding**
**Courtroom 201 Calendar**

---

**Wednesday, July 6, 2022**                                    **Hearing Room    201**

---

<u>10:00 AM</u>
**CONT...        Rudi Leo Londt**                                                    **Chapter 13**

complaint, not the value of the underlying property. *See Fannie Mae v. Perez*, at *9
(C.D. Cal. Mar. 14, 2013); *see also Federal Nat. Mortg. Ass'n v. Lemon*, No. CV
11-03948 DDP (FFMx), 2011 U.S. Dist. LEXIS 82052, 2011 WL 3204344, *2 (C.D.
Cal. July 26, 2011) ("[T]he appropriate damages in unlawful detainer action remains
the amount sought in the complaint, not the value of the property itself").

*Federal Question Jurisdiction*

Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions
arising under the Constitution, laws, or treaties of the United States." Federal
question jurisdiction is presumed absent unless defendant, as the party seeking to
invoke the court's jurisdiction, shows that plaintiff has either alleged a federal cause of
action, a state cause of action that turns on a substantial dispositive issue of federal
law, or a state cause of action that Congress has transformed into an inherently federal
cause of action by completely preempting the field of its subject matter. *See Fannie
Mae v. Perez*, 2013 U.S. Dist. LEXIS 35710, at *4 (C.D. Cal. Mar. 14, 2013) (*citing
American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("[A] suit
arises under the law that creates the action"); *Franchise Tax Bd. v. Construction
Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust
Co.*, 255 U.S. 180, 199 (1921); *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560
(1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)).

A defendant may remove a case under 28 U.S.C. § 1441(b) only if the claim could
have initially been brought in federal court. However, whether a claim "arises under"
federal law must be determined by reference to the "well-pleaded complaint." *Fannie
Mae*, at *4 (C.D. Cal. Mar. 14, 2013) (*citing Merrell Dow Pharmaceuticals, Inc. v.
Thompson*, 478 U.S. 804, 808, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986)).

If a complaint solely asserts state-law or common-law claims on its face, removal
jurisdiction may still be appropriate if "some substantial, disputed question of federal
law is a *necessary* element of one of the well-pleaded state claim." *Rains v. Criterion
Sys., Inc.*, 80 F.3d 339, 345 (9th Cir. 1996) (*quoting Franchise Tax Bd. v. Constr.
Laborers Vacation Trust*, 463 U.S. 1, 13 (1983)).

But it is not enough for removal purposes that a federal question may arise during the
litigation in connection with a defense or counterclaim. "A defense is not part of a

---

# United States Bankruptcy Court
## Central District of California
### Northern Division
### Ronald A Clifford III, Presiding
### Courtroom 201 Calendar

---

**Wednesday, July 6, 2022**                                           **Hearing Room    201**

---

10:00 AM
**CONT...      Rudi Leo Londt**                                                **Chapter 13**

plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998); *see also Taylor*, 481 U.S. at 63; *Gully*, 299 U.S. at 112 ("To bring a case within the [removal] statute [on federal question grounds], a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action"). Thus, "a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.

In the UD Action, Movant alleges a single cause of action for unlawful detainer following a foreclosure sale under California Civil Code section 1161(a). Mr. Londt asserts that this Court has jurisdiction over the UD Action pursuant to 28 U.S.C. § 1331 in that the Non-Judicial Mortgage Foreclosure and Quasi-Judicial Unlawful Detainer/Forcible Eviction Laws of the State of California are facially discriminatory and the California Civil Code procedures authorizing non-judicial foreclosures and judicial evictions violate 42 U.S.C. §§ 1981-1982. Adv. Docket No 1, p.5, lines 9-14. In support of his argument, Mr. Londt asserts that he is entitled to remove the UD Action under 28 U.S.C. §1443(1) because the Superior Courts of Los Angeles County, and of California generally, have and enforce rules which are oppressive to economically disadvantaged defendants, as well as discriminatory to pro se litigants and accordingly do not equally respect or evenly enforce private rights to due process of law, even as defined by California State Law, effectively denying equal access to the Courts in violation of 42 U.S.C. §§1981-1982. *Id.* at p.2, lines 21-26.

There exists no basis for this Court's jurisdiction over the UD Action based on the presence of a federal question. *See Fannie Mae v. Perez*, at *7-8 (C.D. Cal. Mar. 14, 2013) ("[T]here is no federal question jurisdiction because the face of the complaint reveals only one claim: a state law cause of action for unlawful detainer, to recover possession of real property, an inherently local action, involving the law of real property and contract. That Defendants claim that the Notice to Quit failed to comply with the Protecting Tenants in Foreclosure Act, 12 U.S.C. § 5220 is irrelevant under the well-pleaded complaint rule."); *see also Wells Fargo Bank v. Lapeen*, No. C 11-01932 LB, 2011 U.S. Dist. LEXIS 60671, 2011 WL 2194117, *3 (N.D. Cal. June 6, 2011) ("[T]he complaint does not include a cause of action that arises under federal law, nor does it raise a federal question; it alleges that Defendants are in unlawful possession of the identified real property as a matter of California law.")

---

**United States Bankruptcy Court**
**Central District of California**
**Northern Division**
**Ronald A Clifford III, Presiding**
**Courtroom 201 Calendar**

---

**Wednesday, July 6, 2022**                                    **Hearing Room     201**

---

10:00 AM
**CONT...      Rudi Leo Londt**                                              **Chapter 13**

(*quoting Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 U.S.
Dist. LEXIS 130517, 2010 WL 4916578, *2 (C.D. Cal. Nov. 22, 2010) ("[A]n
unlawful detainer action, on its face, does not arise under federal law but is purely a
creature of California law.")); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV
09-2337 PA (DTBx), 2010 U.S. Dist. LEXIS 8421, 2010 WL 234828, *2 (C.D. Cal.
Jan. 13, 2010); *U.S. Bank NA v. Lopez*, NO. C09-05985 HRL, 2009 U.S. Dist. LEXIS
121542, 2009 WL 5218006, *1 (N.D. Cal. Dec. 31, 2009) (same); *Galileo Financial
v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 U.S. Dist. LEXIS 94996, 2009 WL
3157411, *1 (C.D. Cal. Sept. 24, 2009) (case history omitted).

The federal question of whether the unlawful detainer complaint violates his
constitutional rights is only raised by Mr. Londt in defense of the complaint. The
Ninth Circuit has made it clear that removal jurisdiction cannot be created by a
defense presenting a federal question. *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d
815, 822 (9th Cir. 1985). Mr. Londt's allegations that Movant and the California Civil
Code procedures violate his equal protection and due process laws are insufficient to
establish this Court's federal question jurisdiction. It is the complaint, and not Mr.
Londt's contemplated defenses, that trigger the Court's jurisdiction. *Id.*

   *Civil Rights Removal*

Under 28 U.S.C. § 1443(1), removal is proper by "any person who is denied or cannot
enforce in the courts of such State a right under any law providing for the equal civil
rights of citizens of the United States . . .".  A petition for removal based on 28
U.S.C. § 1443(1) must satisfy a two-part test:

   1) First, the petitioners must assert, as a defense to the prosecution, rights that are
      given to them by explicit statutory enactment protecting equal racial civil
      rights;

   2) Second, petitioners must assert that the state courts will not enforce that right,
      and that allegation must be supported by reference to a state statute or a
      constitutional provision that purports to command the state courts to ignore the
      federal rights.

*See Georgia v. Rachel*, 384 U.S. 780, 788-92 (1966); *see also City of Greenwood,*

---

**United States Bankruptcy Court**
**Central District of California**
**Northern Division**
**Ronald A Clifford III, Presiding**
**Courtroom 201 Calendar**

---

**Wednesday, July 6, 2022**                                              **Hearing Room        201**

---

<u>10:00 AM</u>
**CONT...       Rudi Leo Londt**                                               **Chapter 13**

*Miss. v. Peacock*, 384 U.S. 808, 824-28 (1966); *see also Patel v. Del Taco, Inc.*, 446
F.3d 996, 998-99 (9th Cir. 2006); *California v. Sandoval*, 434 F.2d 635, 636 (9th
Cir.1970); *see also Fannie Mae v. Perez* at \*12-15 (C.D. Cal. Mar. 14, 2013).

Removal of the UD Action based on 28 U.S.C. § 1443(1) fails.  First, Mr. Londt fails
to identify a right given to him "by explicit statutory enactment protecting equal racial
civil rights."  Mr. Londt asserts that "California Civil Code procedures authorizing
non-judicial foreclosures and judicial evictions violate 42 U.S.C. §§ 1981-
1982 . . . [because] there is a pervasive state statutory program which both on its face
and as applied discriminates unfairly against pro se litigants and in so doing directly
violates Federal U.S. laws . . ." The UD Action is based on a state foreclosure law,
and Mr. Londt has not identified any statutes that have been enacted to protect equal
racial civil rights in applying the foreclosure laws in California.

Mr. Londt also fails to provide any evidence that would support the second element of
28 U.S.C. § 1443(1).  That is, there is no evidence put forth by Mr. Londt that would
show that California State Courts are governed by laws and/or a Constitution that
would prevent the enforcement of any civil rights of Mr. Londt in the unlawful
detainer action context under California law.  *See Fannie Mae v. Perez*, at \*15-18
(C.D. Cal. Mar. 14, 2013); *see also Fed. Home Loan Mortg. Corp. v. Cantillano*, No.
CV 12-01641, 2012 U.S. Dist. LEXIS 50329, 2012 WL 1193613, \*3 (C.D. Cal. Apr.
9, 2012) (finding no basis for removal under § 1443(1) because defendants did "not
identify any California state law or California constitutional provision that denied
them the opportunity to raise their civil rights in the California courts," but instead
argued that "unspecified provisions of the California Civil Code governing non-
judicial foreclosures and judicial evictions cause the violation of Hispanics' civil
rights in all unlawful detainer proceedings"); *HSBC Bank USA v. Cabal*, No.
10cv1621 WQH (POR), 2010 U.S. Dist. LEXIS 99741, 2010 WL 3769092, \*2 (S.D.
Cal. Sept. 21, 2010) ("Even if Defendant's claims were based on laws providing for
specific civil rights stated in terms of racial equality, his request for removal would
fail because he has not alleged that the denial of his federal rights can be predicted
[on] a state statute or a constitutional provision[;] . . . rather[,] [he] asserts that
California state courts 'systematically trample[ ]' litigant's rights in unlawful
detainer actions. . . . This is insufficient to allow removal under § 1443," citing *State
of Georgia v. Rachel*, 384 U.S. 780, 792-800, 86 S. Ct. 1783, 16 L. Ed. 2d 925
(1966); *Sandoval*, 434 F.2d at 636 ("Bad experiences with the particular court in

---

# United States Bankruptcy Court
## Central District of California
### Northern Division
### Ronald A Clifford III, Presiding
### Courtroom 201 Calendar

| | |
|---|---|
| **Wednesday, July 6, 2022** | **Hearing Room    201** |

10:00 AM

**CONT...     Rudi Leo Londt**                                      **Chapter 13**

question will not suffice").

*Equitable Remand*

Pursuant to 28 U.S.C. § 1452(b), "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." Equitable remand focuses on equity, not law, seeking out what the court deems to be "reasonable, fair, and appropriate." *See In re Hotel Mt. Lassen*, 207 B.R. 935, 942 (Bankr. E.D. Cal. 1997).  In weighing whether equitable grounds are present to remand a claim or cause of action, courts have looked to the following factors:

- The effect (or lack thereof) on efficient administration of the estate if the court recommends remand or abstention;
- The extent to which state law issues predominate over bankruptcy issues;
- The difficult or unsettled nature of applicable law;
- The presence of a related proceeding commenced in state court or other nonbankruptcy forum;
- The jurisdictional basis, if any, other than 28 U.S.C. § 1334;
- The degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
- The substance rather than the form of an asserted core proceeding;
- The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court;
- The burden on the bankruptcy court's docket;
- The likelihood that commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
- The existence of a right to a jury trial;
- The presence in the proceeding of nondebtor parties;
- Comity; and
- The possibility of prejudice to other parties in the action.

*See Fed. Home Loan Bank of Chicago v. Banc of Amer. Sec., LLC*, 448 B.R. 517, 525 (C.D. Cal. 2011).

# United States Bankruptcy Court
## Central District of California
### Northern Division
### Ronald A Clifford III, Presiding
### Courtroom 201 Calendar

| | |
|---|---|
| **Wednesday, July 6, 2022** | **Hearing Room    201** |

---

**10:00 AM**

**CONT...       Rudi Leo Londt**                                                    **Chapter 13**

In this matter, the UD Action has been pending for greater than two (2) years. In fact, the State Court has orally granted summary judgment in favor of Movant. The UD Action deals solely with California state law. While the UD Action, if it could be litigated in this Court, would pose little burden on this Court's docket, the matter would be more efficiently resolved in the State Court than in this Court, which would save all of the parties time and resources. Given the advanced stage of the UD Action, it would pose virtually no burden on the State Court docket. It seems to this Court, while perhaps not the sole reason, seeking to litigate the UD Action in this Court is Mr. Londt's attempt to forum shop in an effort to re-litigate what the State Court has already decided. Remanding the UD Action to the State Court, as this Court sees it, poses no prejudice to either party, but rather, will work a benefit to the parties in terms of timing and cost. This Court, therefore, rules that the UD Action should be remanded for reasons of equity.

The Court grants the Motion. Movant is to submit a conforming order within 7 days.

| **Party Information** | |
|---|---|
| **Debtor(s):** | |
| Rudi Leo Londt | Pro Se |
| **Defendant(s):** | |
| Rudi Leo Londt | Pro Se |
| **Movant(s):** | |
| HSBC BANK USA, NATIONAL | Represented By<br>Richard L. Stevenson |
| **Plaintiff(s):** | |
| HSBC BANK USA, NATIONAL | Represented By<br>Richard L. Stevenson |

---

# United States Bankruptcy Court
## Central District of California
### Northern Division
### Ronald A Clifford III, Presiding
### Courtroom 201 Calendar

**Wednesday, July 6, 2022**                                    **Hearing Room    201**

---

<u>10:00 AM</u>
**CONT...    Rudi Leo Londt**                                         **Chapter 13**

**<u>Trustee(s):</u>**

    Elizabeth (ND) F Rojas (TR)              Pro Se